# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
**No. 24-1976V**

|  |  |
|---|---|
| NICHOLAS MONACO, | Chief Special Master Corcoran |
| Petitioner, | Filed: May 29, 2026 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Christopher J. Webb, Black McLaren Jones Ryland & Griffee, P.C., Memphis, TN, for Petitioner.*

*Austin Joel Egan, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On December 2, 2024, Nicholas Monaco filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a shoulder injury related to vaccine administration following an influenza vaccination he received on January 10, 2022. Petition, ECF No. 1. On September 30, 2025, I issued a ruling on entitlement finding Petitioner entitled to compensation. ECF No. 25. On December 2, 2025, I issued a

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

decision awarding compensation to Petitioner based on the Respondents' proffer. ECF No. 32.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $46,504.49 (representing $42,326.40 in fees and $4,178.09 in costs[3]) incurred by Petitioner's counsel of record Christopher Webb, plus $15,022.86 (representing $14,819.90 in fees and $202.96 in costs) incurred by Petitioner's former counsel Ronald C. Homer, for a total of $61,527.35. Petitioner's Application for Fees and Expenses ("Motion") filed February 18, 2026, ECF No. 37. Furthermore, Petitioner filed a signed statement representing that no personal out-of-pocket expenses were incurred. ECF No. 37-3.

Respondent reacted to the motion on February 23, 2026, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondents' response to motion at ECF No. 38. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with the Petitioner's request and find a reduction in the amount of fees and costs to be awarded appropriate, for the reasons set forth below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. See *Sabella v. Sec'y*

---

[3] Petitioner requests $4,178.09 in expenses on page 1 of his motion, ECF No. 37. However, ECF No. 37-2 at pages 16 and 17 reflect the total expenses as $4,105.44. The supporting documentation, receipts, and invoices submitted also reflect the total expenses as $4,105.44. Therefore, the amount of expenses to be awarded will be based on a total amount of $4,105.44.

*of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

I have reviewed the billing records submitted with Petitioner's request. The rates requested for work performed by attorneys William Cochran and Christopher Webb through 2026 are reasonable and consistent with our prior determinations and are hereby awarded herein.

The rates requested for work performed by Joseph Pepper, Christina Ciampolilo, and Lauren Faga through 2025 are reasonable and consistent with our prior determinations and are hereby awarded herein. Conway Homer, PC, notes they have not yet formulated attorney and support staff hourly rates for 2026. Therefore, time expended in this case during 2026 is billed at the established 2025 hourly rates.

Numerous tasks performed by attorney Christopher Webb in this matter are more properly billed using a paralegal rate.[4] "Tasks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." *Riggins v. Sec'y of Health & Hum. Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec.

---

[4] Entries considered paralegal in nature include drafting requests for medical records, following up on medical records requests, and drafting basic documents such as an exhibit list, PAR questionnaire, notice of filing, notice of intent, statement of completion, cover sheet, joint notice not to seek review. Entries that include paralegal tasks billed at an attorney rate include the following: 6/21/2024, 8/13/2024, 8/22/2024, 8/30/2024, 9/20/2024, 10/31/2024, 11/6/2024, 11/11/2024, 11/14/2024, 2/18/2025, 2/25/2025, 4/22/2025, 5/13/2025, 5/15/2025, 8/20/2025. ECF No. 37-2 at 1-54.

Mstr. Jan. 29, 2010). Although these billing entries reflect reasonably performed tasks, they must be charged at a reduced rate comparable to that of a paralegal.

In evaluating a motion for attorney's fees and costs, special masters "need not, and indeed should not, become green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838, 131 S.Ct. 2205, 180 L.Ed.2d 45 (2011). Instead, in appropriate circumstances they may make reasonable, across-the-board percentage adjustments.

Here, such an overall percentage cut is reasonable, and preferrable to a time-consuming line-by-line review of the bill. I therefore reduce the total attorney fees to be awarded to Christopher Webb herein by *five* **percent** as a fair adjustment to account for the paralegal duties issue mentioned. **Application of the foregoing reduces the total amount of attorney fees to be awarded by $2,116.32**.[5]

## ATTORNEY COSTS

Petitioner's counsel has requested a total of $4,105.44 in litigation costs and has provided supporting documentation to substantiate most of the costs. No. 37-2 at 16-54. Such costs are associated with obtaining medical records, Fed Ex, and travel expenses. I have reviewed the requested costs and find the majority of them to be reasonable - with the exception of certain travel expenses incurred by Petitioner's attorney.

Like attorney's fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). The billing records reveal that Petitioner's attorney traveled from Memphis, Tennessee, to New York, New York on December 17, 2024, for an in-person meeting with Petitioner.  Mr. Webb stayed for two nights at The New York Edition, a luxury hotel on Madison Avenue. ECF No. 37-2 at 36. Petitioner requests reimbursement of $1,701.39 for the two-night stay, including meals charged to the room. It appears the nightly room charge at The New York Edition was $625.00, not including sales tax, city taxes, and occupancy tax. This amount exceeds the federal government's daily lodging rates for a hotel stay in New York, New York which was most recently $315.00 per night in December 2024.[6]

---

[5] This amount is calculated as follows: $42,326.40 x 0.05 = $2,116.32.

[6] See GSA FY 2023-2024 Per Diem Rates for New York, New York at https://www.gsa.gov/travel/plan-book/per-diem-rates.

4

In addition, the federal government's total Meals and Incidental Expenses (M&IE) amount for one day in December 2024 was $79.00, which includes breakfast, lunch, dinner, and incidental expenses. The hotel receipt submitted hereto reflects that Mr. Webb spent $147.37 for meals on December 18, 2024, at the hotel. This amount exceeds the M&IE amount listed above. In addition, the meals have no corresponding itemized receipts, other than the charges appearing on the hotel invoice. Complete, itemized receipts are necessary to evaluate the reasonableness of an expense.

While travel costs related to the Vaccine Claim are generally compensable, excessive costs claimed for upgraded methods of transportation, meal expenses in excess of what would be reasonable, and luxury hotels are not.  Accordingly, I find the amount claimed for the luxury hotel stay and meals, without itemized receipts, to be excessive and hereby apply a reduction of *fifty* **percent** to the hotel bill as a fair adjustment to account for these issues. **Application of the foregoing reduces the total amount of costs to be awarded by $850.69.**[7]

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorney's fees and costs in the total amount of $58,487.69 as follows:**

**A lump sum of $43,464.83 (representing reimbursement for $40,210.08 in attorney's fees and $3,254.75 in costs), to be paid through an ACH deposit to Petitioner's counsel of record, Christopher J. Webb, IOLTA account for prompt disbursement; and**

**A lump sum of $15,022.86, representing reimbursement for attorney's fees and costs to be paid through an ACH deposit to Petitioner's former counsel, Ronald C. Homer, IOLTA account for prompt disbursement.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[8]

---

[7] This amount is calculated as follows: $1,701.39 x .50 = $850.69.

[8] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master